Filed 3/16/26  P. v. Gardner CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS JAMES GARDNER,<br><br>    Defendant and Appellant. | 2d Crim. No. B340350<br>(Super. Ct. No. 24ARCF00258)<br>(Los Angeles County) |

Thomas James Gardner appeals following an open plea to five counts of first degree residential burglary (Pen. Code, § 459).[1] Appellant contends "the trial court erred when it denied [his] request for the mental health diversion based on the court's conclusion that [his] mental health did not play a significant role in the commission of the offenses."  We conclude substantial evidence supports the trial court's conclusion and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

An amended information charged appellant with five counts of first degree residential burglary committed over

_____

[1] Undesignated statutory references are to the Penal Code.

approximately six weeks. Appellant filed a petition for mental health diversion pursuant to section 1001.36.

Dr. Robin Campbell conducted a psychological evaluation of appellant. In her opinion, he "suffers from major depressive disorder, moderate, recurrent, complicated by substance abuse. He has depressive symptoms that include sad mood, feeling hopeless, social withdrawal, loneliness, feeling helpless, anhedonia, avolition, feelings of guilt, and self-recrimination. He would also qualify for a diagnosis of an amphetamine-type use disorder and a cannabis use disorder."

Dr. Campbell believed appellant's "mental disorder played a significant role in the commission of the charged offense." She noted that he was suffering from symptoms of depression at the time of the alleged offense and "has habitually used substances to numb his intensely painful emotions." Dr. Campbell opined appellant "was not able to perceive events accurately or respond appropriately to them."

Appellant submitted a conditional letter of acceptance to a dual diagnosis residential treatment program.

At the hearing, the trial court observed that "the purpose of the mental health diversion program is increased diversion of individuals with mental health disorders to mitigate the individual's entry and reentry into the criminal justice system while protecting public safety."

The court denied diversion on three independent bases. First, the court found appellant's "mental health disorder was not a significant factor in the commission of the charged offense." The court found "clear and convincing evidence" that appellant's "alleged mental health disorder was not a motivating factor, causal factor, or contributing factors [*sic*] to [his] involvement in the alleged offense."

2

As to this first basis, the court found the burglaries involved planning and sophistication. Appellant broke into and vandalized vehicles in residential parking garages. He wore a disguise and would shatter the windows before taking numerous items. He would then list the stolen items at a highly discounted price. Appellant also tampered with some of the parking garage entrance gates and used a stolen credit card to make a fraudulent purchase.

The court noted appellant had a "prior record [of] basically doing the exact same thing for the past 30 years . . . ." That record included multiple first degree residential burglaries, as well as multiple convictions for receiving stolen property and theft offenses. The court determined there was "no evidence that his mental health disorder caused him to do this every time over the past 30 years that he's been caught and convicted for it."

As to the second basis, the court concluded appellant had undergone at least two prior alcohol or drug programs and at least one prior mental health program, all of which "did not work." Accordingly, the court found appellant was not suitable for diversion. As to the final basis, the court exercised its residual discretion to deny diversion under the totality of the circumstances in appellant's case.

Following denial of the diversion petition, appellant pleaded open to the court. The trial court sentenced appellant to a total term of ten years in state prison and suspended execution of sentence. The court placed appellant on two years of formal probation subject to terms and conditions, including service of 365 days in a residential treatment program.

## DISCUSSION
### *Section 1001.36*

Section 1001.36 authorizes mental health diversion for defendants who meet eligibility and suitability criteria. (*Vaughn v. Superior Court* (2024) 105 Cal.App.5th 124, 133 (*Vaughn*).) "Eligibility entails satisfaction of two prongs: (1) a defendant has been diagnosed with a recognized mental health disorder, and (2) the disorder was 'a significant factor in the commission of the charged offense.'" (*Ibid.*; § 1001.36, subd. (b)(2).)

"If the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (§ 1001.36, subd. (b)(2).) "A court may consider any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, statements by the defendant's mental health treatment provider, medical records, records or reports by qualified medical experts, or evidence that the defendant displayed symptoms consistent with the relevant mental disorder at or near the time of the offense." (*Ibid.*)

If eligibility is established, "the court must consider whether the defendant is suitable for pretrial diversion." (§ 1001.36, subd. (c).) "A defendant is suitable if: (1) in the opinion of a qualified mental health expert, the defendant's mental health disorder would respond to treatment; (2) the defendant consents to diversion and agrees to waive their speedy trial rights; (3) the defendant agrees to comply with treatment requirements; and (4) the defendant will not pose an 'unreasonable risk of danger to public safety' as defined in section

4

1170.18 if treated in the community." (*Vaughn, supra*, 105 Cal.App.5th at p. 134; § 1001.36, subd. (c)(1)-(4).)

The court must be "satisfied" the recommended program "will meet the specialized mental health treatment needs of the defendant." (§ 1001.36, subd. (f)(1)(A)(i); *Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 892 (*Sarmiento*).) "Before approving a proposed treatment program, the court shall consider the request of the defense, the request of the prosecution, the needs of the defendant, and the interests of the community." (§ 1001.36, subd. (f)(1)(A)(ii).)

Finally, the court retains residual discretion to deny diversion. (*Sarmiento, supra*, 98 Cal.App.5th at p. 892.) This discretion "must be exercised '"consistent with the principles and purpose of the governing law."'" (*Ibid.*; see also § 1001.35.)

*Standard of Review*

"A trial court's ruling on a motion for mental health diversion is reviewed for an abuse of discretion, and factual findings are reviewed for substantial evidence." (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.) "'A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence [citation].'" (*People v. Graham* (2024) 102 Cal.App.5th 787, 795.)

"'When reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true.'" (*Lacour v. Superior Court* (2025) 110 Cal.App.5th 391, 401.) "In conducting [this] review, the court must view the record in the light most favorable

5

to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011-1012.)

*Analysis*

Substantial evidence supports the trial court's finding that appellant's mental disorder was not a significant factor in the charged offense, as well as its related finding by clear and convincing evidence under section 1001.36, subdivision (b)(2).

In concluding appellant's mental disorder played a significant role in the charged offense, Dr. Campbell determined appellant "was not able to perceive events accurately or respond appropriately to them." But the record refutes this underlying assessment. Appellant's crimes evinced planning and sophistication. His repeated targeting of residential parking garages over several weeks demonstrates forethought and self-control, not impulsive behavior. His use of a disguise constituted a concerted effort to avoid detection. His decision to list the stolen items at a highly discounted price shows awareness of his behavior's illegality. Appellant's coordinated, complex actions rebut the claim that he could not accurately perceive or appropriately respond to events due to his mental disorder. A reasonable factfinder could have found it highly probable appellant's mental disorder was not a motivating, causal, or contributing factor to his involvement in the charged offense.

Appellant asserts "the evidence demonstrated that [his] mental health was, in fact, the cause for [his] conduct as the evidence showed that [he] suffered from depression and abused substances to numb these feelings." However, the mere existence of appellant's mental health issues does not establish a causal

connection to his recurrent criminal conduct. Although the statute allows the court to consider evidence the defendant displayed symptoms at or near the time of the offense, the presence of such evidence does not necessarily mandate any particular factual finding. (§ 1001.36, subd. (b)(2).)

Relying on *People v. Whitmill*, *supra*, 86 Cal.App.5th 1138, appellant argues "the trial court's review of [his] criminal history shows a primary concern with the broader policy implications of whether it would be advisable to allow mental health diversion for anyone who suffers from substance use disorder or steals to support that substance abuse disorder, as opposed to whether appellant was eligible and suitable for mental health diversion." We disagree. The court noted a core purpose of the mental health diversion program as articulated in section 1001.35, subdivision (a). The court did not review appellant's criminal history to circumvent the statute. Rather, it did so to determine whether appellant's disorder was a significant factor in the charged offense. The statute tasks the trial court with making that eligibility determination. (§ 1001.36, subd. (b)(2).) The trial court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.


We concur:



YEGAN, Acting P. J.          BALTODANO, J.


7

Joseph J. Burghardt, Judge
Superior Court County of Los Angeles

_____

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Shezad Thakor and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.